Julie Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

| | |
|---|---|
| Tiffany Cheung, State Bar No. 211497 (TCheung@mofo.com) <br> Mark David McPherson, State Bar No. 307951 (MMcPherson@mofo.com) <br> **MORRISON & FOERSTER LLP** <br> 425 Market Street <br> San Francisco, CA 94105-2482 <br> Phone: 415-268-7000 <br> Fax: 415-268-7522 | Nicole V. Ozeran, State Bar No. 302321 (NOzeran@mofo.com) <br> **MORRISON & FOERSTER LLP** <br> 707 Wilshire Blvd., Suite 6000 <br> Los Angeles, CA 90017-3543 <br> Phone: 213-892-5200 <br> Fax: 213-892-5454 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDDHARTH MEHTA, KEVIN QIAN, and MICHAEL FURTADO, individually and on behalf of other similarly situated individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES, LLC; and DOES 1-10 <br><br> Defendants. | Case No.: 21-CV-01013-SVK <br><br> **SETTLEMENT AGREEMENT** <br><br> Courtroom: 6, 4th Floor <br> Judge:    Hon. Susan van Keulen |

SETTLEMENT AGREEMENT
1

This settlement agreement (the "Settlement" or "Settlement Agreement") is made and entered into by: (i) Plaintiffs Kevin Qian and Michael Furtado ("Plaintiffs") on behalf of themselves and the members of the Settlement Class, through their counsel of record, and (ii) Defendants Robinhood Financial LLC and Robinhood Securities, LLC ("Robinhood" or "Defendants"), through their counsel of record. The Settlement is intended to fully resolve the above-captioned litigation, subject to the approval of the Court and the terms and conditions set forth in this Settlement.

## I.    RECITALS

WHEREAS, after the litigation was initiated in state court on January 8, 2021, the case was removed to this Court, and on February 26, 2021, Plaintiffs filed their First Amended Complaint (Dkt. 10);

WHEREAS, on March 12, 2021, Robinhood moved to dismiss Plaintiffs' First Amended Complaint (Dkt. 15) and the Court granted Robinhood's motion, in part, with leave to amend (Dkt. 33);

WHEREAS, Plaintiffs filed a Second Amended Complaint on May 20, 2021 (Dkt. 34), and on June 3, 2021, Robinhood again moved to dismiss (Dkt. 35);

WHEREAS, On September 8, 2021, the Court granted in part Robinhood's motion to dismiss Plaintiffs' Second Amended Complaint, with leave to amend (Dkt. 41), Plaintiffs did not amend their Second Amended Complaint, and Robinhood answered on October 15, 2021 (Dkt. 47);

WHEREAS, the Parties engaged in significant discovery into the claims and defenses, including through review and analysis of thousands of pages of documents;

WHEREAS, the Court held a case management conference on January 18, 2022, at which time the Parties stated that they were in the process of scheduling a private mediation;

WHEREAS, on January 28, 2022, the Court entered a Stipulation and Proposed Order reflecting March 29, 2022, as the Parties' mediation date, and setting a full case schedule in the event the mediation was not successful (Dkt. 55);

DocuSign Envelope ID: B51A0D87-5EB2-4AD5-83B2-B76B2371F12E

WHEREAS, starting on March 29, 2022, with a full-day mediation session overseen by experienced neutral Bruce Friedman, and continuing for the weeks that followed, the Parties engaged in arms' length negotiations;

WHEREAS, on May 4, 2022, the Parties informed the Court that they had reached an agreement in principle to settle this litigation (Dkt. 56);

WHEREAS, on May 5, 2022, the Court entered an order (Dkt. 57) setting June 10, 2022, as the deadline (extended to July 1, 2022 (Dkt. 59)) for Plaintiffs to file a motion for preliminary approval of the settlement, and vacating all other case deadlines set forth in the Court's Order Regarding Case Schedule (Dkt. 55);

WHEREAS, Plaintiffs, in entering into this Settlement recognize and acknowledge the expense and time it would take to prosecute this action through trial and any subsequent appeals, and the risk that this action could ultimately be unsuccessful in light of Robinhood's defenses;

WHEREAS, Robinhood has asserted and would assert numerous defenses to the claims alleged by Plaintiffs and expressly denies each of the claims and allegations asserted and any liability arising out of the conduct alleged;

WHEREAS, Robinhood acknowledges that further litigation could be protracted and expensive, and has also taken into account the uncertainty and risks presented by this proposed class action; and

WHEREAS, Plaintiffs and Robinhood have therefore each independently determined that it is desirable and beneficial for this action to be fully and finally resolved in the manner and upon the terms and conditions set forth in this Settlement.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiffs (for themselves and the Settlement Class Members) and Robinhood that, subject to the approval of the Court, the Litigation and the Released Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions that follow.

II.     TERMS AND CONDITIONS OF SETTLEMENT

   1. **Definitions**

   As used herein, the following terms have the meanings specified below:

   1.1     "Administrative Expenses" means the cost of the notice program relating to this Settlement and the costs of processing and administering claims and disbursements of consideration, and other necessary and reasonable administrative expenses relating to this Settlement.

   1.2     "Authorized Claimant" means any Class Member whose claim for recovery has been approved pursuant to the terms of the Settlement.

   1.3     "Claims Deadline" means the date set forth in the Notice by which Settlement Class Members must submit a Claim Form.

   1.4     "Claim Form" means a document, substantially in the form of **Exhibit 2** hereto, that a Settlement Class Member must complete and submit to receive a payment from the Settlement.

   1.5     "Class Counsel" means counsel for the Settlement Class, Erickson Kramer Osborne LLP.

   1.6     "Class Representatives" means representatives of the Settlement Class, Michael Furtado and Kevin Qian.

   1.7     "Court" means the United States District Court for the Northern District of California.

   1.8     "Defendants" means Robinhood Financial LLC and Robinhood Securities, LLC.

   1.9     "Effective Date," or the date upon which this Settlement becomes "effective," means the date on which the time for filing an appeal from the Court's issuance of an order granting final approval of the Settlement has expired without an appeal being filed, or, if an appeal is filed, the date such appeal is fully and finally resolved upholding the Settlement.

   1.10    "Fee and Expense Award" means the order regarding attorneys' fees and reimbursement of costs and expenses incurred by Class Counsel in the Litigation.

1.11 "Final Approval Hearing" means the hearing to be requested by the Settling Parties and/or conducted by the Court, following notice to potential Settlement Class Members and a time period for them to exclude themselves from the Settlement Class or object to the Settlement, at which time Plaintiffs shall move the Court to finally approve the fairness, reasonableness and adequacy of the Settlement and to enter the Final Order and Judgment.

1.12 "Final Order and Judgment" means an order, substantially in the form of **Exhibit 4** hereto, to be entered by the Court in granting final approval of this Settlement and dismissing the Litigation with prejudice.

1.13 "Litigation" means the action captioned *Siddharth Mehta, Kevin Qian, and Michael Furtado v. Robinhood Financial LLC and Robinhood Securities, LLC*, Case No.: 5:21-cv-01013-SVK (N.D. Cal.).

1.14 "Notice" means the Notices of Proposed Settlement of Class Action, which, subject to Court approval, shall be substantially in the forms attached hereto as **Exhibit 1** (which includes long-form and summary notices).

1.15 "Objection Date" means the date set forth in the Notice by which Settlement Class Members must object to the Settlement.

1.16 "Opt-Out Deadline" means the date set forth in the Notice by which Settlement Class Members must request exclusion from the Settlement Class.

1.17 "Parties" or "Settling Parties" means Plaintiffs and Robinhood collectively.

1.18 "Preliminary Approval Order" means the order preliminarily approving the Settlement and providing for notice, substantially in the form attached hereto as **Exhibit 3**.

1.19 "Released Persons" means Robinhood Financial LLC and Robinhood Securities, LLC and their past or present owners, parents, subsidiaries, divisions, and related or affiliated entities of any nature whatsoever, whether direct or indirect, as well as each of Defendants' and these entities' respective predecessors, successors, directors, officers, shareholders, employees, servants, representatives, principals, agents, advisors, consultants, vendors, partners, contractors, attorneys, insurers, reinsurers, subrogees, and includes, without limitation, any person related to any such entity who is, was or could have been named as a defendant in the Litigation, other than

any third-party person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting unauthorized access to any Settlement Class Member's Robinhood account or who pleads nolo contendere to any such charge.

1.20    "Releasing Persons" means Settlement Class Members and any heirs, successors, and/or assignees of Settlement Class Members.

1.21    "Settlement Administrator" means Angeion Group, or such other administrator as the Court shall approve.

1.22    "Settlement Class" means all individuals currently residing in the United States whose Robinhood accounts were accessed by unauthorized users from January 1, 2020, through April 27, 2022, or who notified Robinhood that their Robinhood accounts were accessed by unauthorized users from January 1, 2020, through April 27, 2022. Excluded from the Settlement Class are those Settlement Class Members who timely and validly request exclusion.

1.23    "Settlement Class Member" means an individual who falls within the definition of the Settlement Class and does not exercise their right to opt out of the Settlement Class before the Opt-Out Deadline.

1.24    "Settlement Website" means the website established by the Settlement Administrator.

**2.    Settlement Benefits**

2.1    <u>Expense Reimbursement</u>. All Settlement Class Members who submit a valid Claim Form are eligible to receive up to $100 for out-of-pocket expenses resulting from unauthorized access to their accounts or from their claim that they suffered unauthorized access to their accounts. The Claim Form will require Class Members either to verify that they incurred at least $100 in qualifying out-of-pocket expenses or, if they did not incur $100 in such expenses, to state the amount of qualifying out-of-pocket expenses they actually incurred. Supporting documentation will not be required as a condition of making a valid claim.

Qualifying out-of-pocket expenses include unreimbursed actual account losses (such as a transfer from an account linked with a Robinhood account or the unauthorized purchase or sale of a security or cryptocurrency), unreimbursed bank fees, unreimbursed long-distance telephone

charges, unreimbursed mobile telephone charges, unreimbursed cell phone data charges, unreimbursed local travel charges, or unreimbursed credit monitoring or identity theft protection products or services that a Settlement Class Member purchased themselves as a result of alleged unauthorized access to their Robinhood accounts. Under no circumstances shall qualifying out-of-pocket expenses be deemed to include alleged trading losses or lost opportunity damages, such as diminution in the value of portfolios or lost opportunity to trade equity, option, or cryptocurrency positions. If a Class Member is reimbursed for credit monitoring or identity theft protection products or services under Paragraph 2.2, the Class Member's costs for such products or services do not count as unreimbursed credit monitoring or identity theft protection products or services for purposes of calculating the Class Member's qualifying out-of-pocket expenses under this Paragraph 2.1.

2.2. <u>Reimbursement of Documented Credit Monitoring or Identity Theft Protection Products or Services</u>. All Class Members who submit a valid Claim Form are eligible to receive up to $100 for reimbursement of money paid by the Class Member for credit monitoring or identity theft protection products or services from the date of the alleged unauthorized access incident (and based on notice of such alleged incident provided by or to the Settlement Class Member), and the date of Preliminary Approval of the Settlement. The Claim Form will require Settlement Class Members to verify the amount they paid for credit monitoring or identity theft protection products or services and to provide documentation substantiating their claim for reimbursement for such products or services. No claim under this paragraph 2.2 may be approved without supporting documentation validating a Class Member's claim.

2.3 <u>Lost Time Reimbursement</u>. All Settlement Class Members who submit a valid Claim Form are eligible to receive reimbursement for lost time resulting from unauthorized access to their accounts or from their claim that they suffered unauthorized access to their accounts. Lost time includes, but is not limited to, time spent by Settlement Class Members investigating, reviewing, or responding to possible unauthorized access to their accounts. This reimbursement will be paid at $20 per hour for a maximum of three (3) hours (for a maximum payment of $60). The Claim Form will require Settlement Class Members either to verify that they incurred at least

DocuSign Envelope ID: B51A0D87-5FB2-4AD5-83B2-B76B2371F12F
Case 5:21-cv-01013-SVK   Document 60   Filed 07/01/22   Page 8 of 19

three hours of lost time, or, if they incurred less than three hours of lost time, to state the amount of lost time actually incurred. Supporting documentation will not be required as a condition of making a valid claim.

        2.4    <u>Credit Monitoring Services</u>.  Robinhood will pay for three-bureau credit monitoring for a period of two years for all Settlement Class Members who request such services on the Claim Form. The credit monitoring services will include up to $1 million dollars of identity theft insurance.

        2.5    <u>Non-Monetary Benefits</u>. Robinhood will maintain, for a period of 18 months following the Effective Date, security policies and practices that are at least as protective as the following, provided however that this Settlement Agreement cannot be construed to require Robinhood at any time to maintain any security policies or practices that are inconsistent with or that undermine any directions or guidance provided by any regulatory body, any self-regulatory organization, or anyone acting on their behalf or at their direction:

- **Trusted Device Campaign**. Robinhood will maintain its mandatory two-factor authentication program, a.k.a. the Trusted Device Program, through which new devices logging into the account for the first time must be verified through two-factor authentication.

- **Supplemental Two-Factor Authentication**. In addition to the mandatory Trusted Devices Program, Robinhood will continue to offer its customers supplemental two-factor authentication. If customers opt to enable the supplemental two-factor authentication, they are required to enter a verification code, in addition to their credentials, every time they log in, regardless of whether they have logged in from that device before.

- **Passwords**. Robinhood will continue to work with threat intelligence services to check customer passwords against compromised passwords and alert customers when Robinhood receives notice that customers' Robinhood passwords may have been compromised.

SETTLEMENT AGREEMENT
8

- **Proactive Monitoring of Account Takeovers**. Robinhood will maintain a proactive monitoring program of customer account activity to identify potential account takeovers. Under this program, Robinhood will contact customers to verify recent transactions after Robinhood receives and investigates proactive monitoring alerts.

- **Customer Awareness Campaigns.** Robinhood will continue to increase customer awareness about cybersecurity threats and good cyber hygiene through emails, push notifications, and/or the mobile application on topics such as two-factor authentication, password strength, personal email security, verification of account information, device monitoring, and anti-phishing techniques. Robinhood will maintain its cybersecurity resources online.

- **Real-Time Voice Support.** Robinhood will provide real-time phone support through which customers may speak with a representative for inquiries involving potential fraud and unauthorized account access.

2.6   Notification and Review for Unverified Reports of Unauthorized Access.

The Notice will include notification that Settlement Class Members whose reports of unauthorized account access were initially denied (that is, where Robinhood determined no unauthorized account access had occurred) or where the customer was unresponsive to Robinhood's requests for additional information, may re-submit their claim of unauthorized account access and request for remedial action. Instructions for re-submission of a claim of unauthorized account access will be posted on the Settlement Website. Upon re-submission of a claim of unauthorized account access, Robinhood will inform the Settlement Class Member what additional information, if any, they need to provide in order for the claim and request to be reconsidered. If Robinhood finds, upon re-review, that unauthorized access did occur, Robinhood shall take the same remedial actions it would have taken had Robinhood verified the claim in the first instance. Any remedial actions taken under this paragraph are independent of, and do not count against, the other benefits available to the Settlement Class Member as set forth in section 2 of this Agreement.

2.7 <u>Aggregate Claim Amount</u>.  The maximum aggregate amount of claims under paragraphs 2.1 through 2.3 for which Robinhood shall be responsible to pay is $500,000.  If the total amount of valid claims submitted by Settlement Class Members exceeds $500,000 in the aggregate, the Settlement Administrator shall reduce each Settlement Class Member's claim *pro rata* to ensure that the total amount of valid claims to be paid by Robinhood does not exceed $500,000 in the aggregate.

**3.     Notice and Settlement Administration**

3.1 Subject to Court approval, the Parties agree to the following procedures for providing notice. Within seven (7) days after entry of the Preliminary Approval Order, Defendants will provide the Settlement Administrator with available contact information for Settlement Class Members. Within twenty-one (21) days after entry of the Preliminary Approval Order, the Settlement Administrator will send the summary notice to Settlement Class Members by email. If any emails are returned undeliverable, the Settlement Administrator will send summary notice to a secondary email (if available), or to the individual's physical mailing address via U.S. Mail (if available). The Settlement Administrator will be authorized to send up to two (2) reminder emails (or reminder postcards via U.S. Mail where no valid email is available).  The Settlement Administrator will establish and operate the Settlement Website to provide relevant information and materials to Settlement Class Members and to allow for the electronic submission of Claim Forms. The Settlement Administrator will also be responsible for providing notice pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

3.2  The Settlement Administrator, subject to such supervision and direction of the Parties or the Court as may be necessary, shall administer and review the claims submitted by Settlement Class Members and shall oversee distribution of payments to Authorized Claimants.

3.3 Each individual claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator a completed Claim Form on or before the Claims Deadline.

3.4 Except as otherwise ordered by the Court, all Class Members who fail to timely submit a valid Claim Form by the Claims Deadline, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payments pursuant to

the Settlement but will, in all other respects, be subject to and bound by the provisions of this Settlement, the releases contained herein, and the Final Order and Judgment. Notwithstanding the foregoing, the Settlement Administrator shall have the discretion (but not an obligation) to accept late-submitted claims for processing so long as the distribution of payments to Authorized Claimants is not delayed thereby.

3.5     Claim Forms that do not meet the submission requirements set forth in Sections 2.1-2.4 may be rejected. Prior to rejecting a claim in whole or in part, the Settlement Administrator shall communicate with the claimant to give them a reasonable opportunity to remedy any curable deficiencies in the claim submitted.

3.6     At the close of the claims process, the Settlement Administrator shall report to counsel for the Parties concerning the amounts due to Authorized Claimants.

3.7     Upon review of the Settlement Administrator's report pursuant to paragraph 3.6, Robinhood shall remit to the Settlement Administrator the amount necessary to satisfy valid claims due to Authorized Claimants, up to the aggregate cap provided in paragraph 2.7. The Settlement Administrator shall then pay all amounts due to Authorized Claimants. Payment shall be made within 30 days of the Effective Date.

3.8     No person shall have any claim against Plaintiffs, Class Counsel, Released Persons, or the Settlement Administrator based on claim determinations or distributions made substantially in accordance with the Settlement or order(s) of the Court.

3.9     Any tax determinations and obligations arising from a payment made by Robinhood to an Authorized Claimant pursuant to the Settlement shall be the exclusive responsibility of the Authorized Claimant.

**4.     Class Settlement Procedures**

4.1     Promptly after execution of this Settlement Agreement, Plaintiffs shall submit the Settlement Agreement together with its exhibits to the Court and shall apply for entry of the Preliminary Approval Order, requesting, *inter alia*, the preliminary approval of the Settlement; setting of dates for the distribution of the Notice, Claims Deadline, Opt-Out Deadline, Objection

Date, and Final Approval Hearing; approval of the Settlement Administrator; approval of the Notice; and approval of the Claim Form.

4.2     Any Class Member who wishes to opt out of the Class must submit a timely written request for exclusion on or before the Opt-Out Deadline, in the manner specified in the Court's Preliminary Approval Order and the Notice. Any Class Member who does not submit a timely written request for exclusion will be bound by all proceedings, orders and judgments in the Litigation, whether or not they timely submit a Claim Form.

4.3     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, or the application of Class Counsel for a Fee and Expense Award and/or for service awards for Plaintiffs, must timely do so in the manner specified in the Court's Preliminary Approval Order and the Notice, or in a manner otherwise approved by the Court.

4.4     After a reasonable period of time following the Opt-Out Deadline and Objection Date, and in accordance with the timeline set by the Court, Plaintiffs shall file their motion for final approval of the Settlement. At the Final Approval Hearing, Plaintiffs will also request that the Court grant Class Counsel's application for Attorney's Fees, Expenses, and Service Awards.

4.5.    At the Final Approval Hearing, Class Counsel will request that the Court enter the Final Order and Judgment, thereby dismissing the Litigation with prejudice.

4.6     For purposes of the Settlement only, the Parties stipulate to the certification of the Class defined herein pursuant to Federal Rules of Civil Procedure Rule 23(a) and Rule 23(b)(3). Defendants do not agree to class certification for any purpose other than to effectuate this Settlement. Defendants expressly reserve their rights to contest certification in the event this Settlement is not finally approved or fails to become effective for any reason.

**5.     Releases**

5.1     Upon the Effective Date, all Releasing Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged all Released Claims against all Released Persons. "Released Claims" means all Settlement Class Members' claims, including but not limited to any claim, liability, right, demand, suit, matter, obligation, damage, including

DocuSign Envelope ID: B51A0D87-5FB2-4AD5-83B3-B76B2371F125

consequential damages, losses or costs, liquidated damages, statutory damages, punitive damages, attorneys' fees and costs, actions or causes of action of every kind and description, whether in law, in equity, for administrative relief, or otherwise, that the Releasing Persons had, have, or may have against Defendants and/or the Released Persons that were or could have been alleged in *Mehta et al. v. Robinhood Financial LLC et al.*, Case No. 21-CV-01013-SVK (N. D. Cal.), based upon the facts alleged in Plaintiffs' Second Amended Complaint including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of (1) the alleged unauthorized access to, theft, exposure, or disclosure of Settlement Class Members' personal information; (2) the maintenance and storage of Settlement Class Members' personal information; (3) Defendants' information security policies and practices; (4) the alleged unauthorized access to Settlement Class Members' Robinhood accounts; (5) any alleged injury arising out of any alleged unauthorized access to or transfers from Settlement Class Members' Robinhood accounts (including without limitation any loss of money or other assets resulting from Settlement Class Members not being reimbursed, or resulting from Settlement Class Members not being timely reimbursed, or resulting from Settlement Class Members being locked out of their accounts, or resulting from Settlement Class Members' lost trading opportunities, or resulting from Settlement Class Members being denied access to funds during Robinhood's period of investigation, or other non-economic harms arising out of alleged unauthorized access to Settlement Class Members' accounts); and (4) Defendants' notice of, or alleged failure to notify of, any unauthorized access or unauthorized transfer to any Settlement Class Member. As the sole exceptions to the scope of Released Claims, Released Claims do not include claims exclusively arising out of the alleged loss of personal information due to the data security incident that Robinhood publicly announced on November 8, 2021, and Released Claims do not include claims relating to the enforcement of the Settlement.

5.2 Upon the Effective Date, Defendants shall be deemed to have fully, finally, and forever released, relinquished, and discharged all claims against Releasing Persons and Class

Counsel, whether arising under federal, state, common or foreign law, that were or could have been alleged in the Litigation based upon the facts alleged in the Second Amended Complaint.

5.3   Class Representatives and Settlement Class Members additionally expressly waive any and all rights they have under § 1542 of the Civil Code of the State of California or any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." Notwithstanding the provision of § 1542 or any law of any state or territory of the United States that is similar, comparable, or equivalent to California Civil Code § 1542, and for the purpose of implementing a complete release and discharge, Class Representatives and Settlement Class Members expressly acknowledge that this Settlement Agreement is intended to include in its effect claims which they do not know of or suspect to exist in their favor at the time of execution hereof and that this Agreement contemplates extinguishing all of such claims.

5.4   In exchange for the releases and other consideration set forth herein, Plaintiffs will dismiss the Litigation with prejudice as set forth herein.

**6.   Class Counsel's Attorneys' Fees and Expenses; Service Awards**

6.1   Class Counsel shall apply to the Court for an award of attorneys' fees and expenses to be paid by Robinhood in an amount not to exceed $500,000 ("Fee and Expense Award"). Robinhood reserves the right to oppose any application. Robinhood shall pay Class Counsel the Fee and Expense Award approved by the Court within thirty (30) days after the Effective Date pursuant to instructions to be delivered by Class Counsel prior to the Effective Date.

6.2.   Subject to Court approval, Robinhood shall pay Plaintiffs Qian and Furtado, if they agree to be bound by the Settlement, a service award of $5,000. Such awards shall be in addition to any individual payments to which each Plaintiff may be entitled through the claims process. Such awards shall be paid by Robinhood to Class Counsel, for delivery to each Plaintiff, within thirty (30) days after the Effective Date pursuant to instructions to be delivered by Class Counsel prior to the Effective Date.

6.3     Any order or proceeding relating to Class Counsel's application for an award of attorneys' fees and expenses or service awards, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate this Settlement Agreement or affect or delay the finality of the Final Order and Judgment approving the Settlement.

**7.     Effect of Disapproval of Settlement**

7.1     In the event that the Settlement is not approved by the Court or otherwise fails to become effective in accordance with its terms, the Parties shall be restored to their respective positions in the Litigation as of May 3, 2022.  In such event, the terms and provisions of this Settlement Agreement shall be null and void, have no further force and effect, and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, *nunc pro tunc*, and shall not be used in the Litigation or in any other proceeding for any purpose.

7.2     If the Effective Date does not occur, Robinhood shall remain obligated to reimburse the Settlement Administrator for all Administrative Expenses incurred, and the Settlement Administrator shall have no obligation to repay any Administration Expenses for which it has been paid by Robinhood.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Settlement.

8.2     The Settling Parties and their respective counsel agree that they will act in good faith and will not engage in any conduct that could frustrate the purposes of this Settlement Agreement or that could frustrate the approval of the Settlement. To that end, any public statements made by the Parties, and the Parties' counsel, shall be fair, accurate, and consistent with the Settlement Agreement and supporting documentation.

8.3     The Settling Parties intend this Settlement Agreement to effect a final and complete resolution of all disputes and claims between Plaintiffs and Class Members, on the one

hand, and Defendants, on the other hand, with respect to the Litigation. The Settlement resolves claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that during the course of the Litigation, the Settling Parties and their respective counsel acting on their behalf at all times complied with the requirements of Federal Rule of Civil Procedure 11 and California Code of Civil Procedure § 128.7. The Settling Parties agree that the terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.4  Defendants may file this Settlement Agreement and/or the Final Order and Judgment in any other action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim or issue preclusion or similar defense or counterclaim.

8.5  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

8.6  All of the exhibits to the Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

8.7  This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8  This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Parties hereto, and no representations, warranties or inducements have been made to any party other than the representations, warranties, and covenants contained and memorialized in such documents.

8.9  Each counsel or other person executing this Settlement Agreement on behalf of any party hereto warrants that they have the full authority to do so.

8.10  This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A

complete set of executed counterparts shall be filed with the Court. Signatures sent by facsimile or sent in PDF form via e-mail shall be deemed originals.

8.11     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

8.13     This Settlement Agreement and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the Parties pursuant to this Settlement Agreement shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California.

///

///

///

DocuSign Envelope ID: B51A0D87-5FB2-4AD5-83B2-B76B2371F12F
Case 5:21-cv-01013-SVK    Document 60    Filed 07/01/22    Page 18 of 19

IN WITNESS WHEREOF, each of the parties hereto have caused this Settlement to be executed, by their duly authorized attorneys, dated July 1, 2022.

**ERICKSON KRAMER OSBORNE LLP**

*/s/ Elizabeth Kramer*

Julie Erickson, State Bar No. 293111
(julie@eko.law)
Elizabeth Kramer, State Bar No. 293129
(elizabeth@eko.law)
Kevin Osborne, State Bar No. 261367
(kevin@eko.law)
**ERICKSON KRAMER OSBORNE LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Counsel for Plaintiffs*

**KEVIN QIAN**

*/s/ Kevin Qian*

**MICHAEL FURTADO**

*/s/ Michael Furtado*

**MORRISON & FOERSTER LLP**

*/s/ [signature]*

Tiffany Cheung, State Bar No. 211497        Nicole V. Ozeran, State Bar No. 302321
(TCheung@mofo.com)                          (NOzeran@mofo.com)
Mark David McPherson, State Bar No. 307951  **MORRISON & FOERSTER LLP**
(MMcPherson@mofo.com)                       707 Wilshire Blvd., Suite 6000
**MORRISON & FOERSTER LLP**                 Los Angeles, CA 90017-3543
425 Market Street                           Phone: 213-892-5200
San Francisco, CA 94105-2482                Fax: 213-892-5454
Phone: 415-268-7000
Fax: 415-268-7522

SETTLEMENT AGREEMENT
18

*Attorneys for Defendants*

**ROBINHOOD FINANCIAL LLC**

*Lucas Moskowitz*
DocuSigned by: C75CC4056FD04A4...

**ROBINHOOD SECURITIES, LLC**

*Lucas Moskowitz*
DocuSigned by: C75CC4056FD04A4...