Julie Erickson, State Bar No. 293111 (julie@eko.law)
Elizabeth Kramer, State Bar No. 293129 (elizabeth@eko.law)
Kevin Osborne, State Bar No. 261367 (kevin@eko.law)
**Erickson Kramer Osborne LLP**
44 Tehama Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

*Attorneys for Plaintiffs*

Tiffany Cheung, State Bar No. 211497          Nicole V. Ozeran, State Bar No. 302321
(TCheung@mofo.com)                            (NOzeran@mofo.com)
Mark David McPherson, State Bar No. 307951    **MORRISON & FOERSTER LLP**
(MMcPherson@mofo.com)                         707 Wilshire Blvd., Suite 6000
**MORRISON & FOERSTER LLP**                   Los Angeles, CA 90017-3543
425 Market Street                             Phone: 213-892-5200
San Francisco, CA 94105-2482                  Fax: 213-892-5454
Phone: 415-268-7000
Fax: 415-268-7522

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIDDHARTH MEHTA, KEVIN QIAN, and MICHAEL FURTADO, individually and on behalf of other similarly situated individuals,<br><br>        Plaintiffs,<br><br>vs.<br><br>ROBINHOOD FINANCIAL LLC; ROBINHOOD SECURITIES, LLC; and DOES 1-10<br><br>        Defendants. | Case No.: 21-CV-01013-SVK<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL**<br><br>Courtroom: 6, 4th Floor<br>Judge:     Hon. Susan van Keulen |

This matter is before the Court on Plaintiffs' motion for preliminary settlement approval and to direct notice. Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendants have entered into a Settlement Agreement ("Settlement") that, if approved, would resolve this Litigation.

Having considered the motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over this Litigation, Plaintiffs, Defendants, and Settlement Class. Venue is proper in this Court.

### PRELIMINARY APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers, and the declaration submitted in support of the motion. Based on its review, the Court finds that the Settlement Agreement is the product of serious, informed, non-collusive, arm's length negotiations between experienced counsel and conducted with the assistance of a respected mediator.

4. The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, or appeal. The Settlement does not improperly grant preferential treatment to any individual or segment of the Settlement Class; does not exhibit any signs of collusion, explicit or subtle; compares favorably with the potential recovery when balanced against the risks of continued litigation; and falls within the range of possible approval as fair, reasonable, and adequate and thus is likely to be finally approved under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

5. The Court therefore **GRANTS** preliminary approval of the Settlement.

## PRELIMINARY FINDINGS ON CLASS CERTIFICATION

6.      The Court finds that it will likely be able to certify the following Settlement Class for purposes of judgment on the proposed Settlement only: all individuals currently residing in the United States whose Robinhood accounts were accessed by unauthorized users from January 1, 2020, through April 27, 2022, or who notified Robinhood that their Robinhood accounts were accessed by unauthorized users from January 1, 2020, through April 27, 2022. Excluded from the Class are those individuals who timely and validly request exclusion.

7.      The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied. In support of this conclusion, the Court provisionally finds as follows:

a.      The number of Settlement Class Members exceeds 40,000 and is thus too numerous for their joinder to be practicable. The Settlement Class is sufficiently ascertainable.

b.      There are questions of law and fact common to the Settlement Class, and these common questions predominate over individualized questions for settlement purposes. The common questions include Robinhood's alleged failure to implement adequate cybersecurity measures to protect customer accounts.

c.      Plaintiffs' claims are typical of the claims of the Settlement Class in that the claims arise from allegedly deficient uniform cybersecurity policies, procedures, and practices by Robinhood with respect to customer accounts.

d.      Plaintiffs are adequate class representatives, whose interests in this matter are aligned with those of the other Class Members. The Court hereby appoints Plaintiffs Kevin Qian and Michael Furtado as Class Representatives.

e.      Additionally, proposed Class Counsel—Erickson Kramer Osborne LLP—is experienced in prosecuting class actions involving similar claims, have committed the necessary resources to represent the Settlement Class, and are hereby appointed as Class Counsel.

f.      A class action is a superior method for the fair and efficient resolution of this Litigation.

g.      If for any reason the Court does not finally approve the Settlement, or if the Effective Date does not occur, the preliminary certification findings shall be deemed null and void without further action of the Court or the parties. In such circumstances each party shall retain its rights to seek or to object to the certification of this action as a class action under Fed. R. Civ. P. 23.

### NOTICE AND ADMINISTRATION

8.      The Court approves the Notice substantially in the forms attached as Exhibit 1 to the Settlement Agreement. The proposed notice plan, which includes direct notice via email, will provide the best notice practicable under the circumstances. This plan and the Notice are reasonably calculated, under the circumstances, to apprise Class Members of the nature and pendency of the Litigation, the scope of the Settlement Class, a summary of the class claims, that a Class Member may enter an appearance through an attorney, that the Court will grant timely exclusion requests, the time and manner for requesting exclusion, the binding effect of final approval of the proposed Settlement, and the anticipated motion for attorneys' fees, costs, and expenses and for service awards. The plan and the Notice constitute due, adequate, and sufficient notice to Class Members and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. The date and time of the Final Approval Hearing shall be included in the Notice before dissemination.

9.      The Court hereby appoints Angeion Group to serve as the Settlement Administrator to supervise and administer the notice procedures, establish and operate a Settlement Website, receive and process claims, distribute payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other administrative functions that are reasonably necessary or provided for in the Settlement Agreement.

10.      All reasonable expenses incurred in identifying and notifying Class Members, and in administering the Settlement, shall be paid by Robinhood as set forth in the Settlement Agreement. In the event the Settlement is not finally approved by the Court or otherwise fails to become effective, the Settlement Administrator shall not be obligated to repay amounts received from or owed by Robinhood for Settlement administration, notice, or any other reason.

11.     The Court approves, as to form and content, the Notice and Claim Form attached to the Settlement Agreement as Exhibits 1 and 2 respectively.

12.     The Court directs the Parties and the Settlement Administrator to provide Notice and make the Claim Form available to Class Members pursuant to the terms of the Settlement Agreement and this Order.

## EXCLUSIONS AND OBJECTIONS

13.     Class Members who wish to opt out and exclude themselves from the Settlement may do so by notifying the Settlement Administrator in writing postmarked no later than 45 days after the Notice Date.

14.     To be valid, each request for exclusion must include:

 a.     Full name, address, email address, and telephone number;

 b.     The statement:  I want to be excluded from the Settlement Class in *Siddharth Mehta, Kevin Qian, and Michael Furtado v. Robinhood Financial LLC and Robinhood Securities, LLC*, Case No.: 5:21-cv-01013-SVK (N.D. Cal.). I understand that by excluding myself I will not receive any money or benefits from the Settlement.

 c.     Signature.

The written exclusion request must be mailed to the Settlement Administrator, postmarked no later than 45 days after the Notice Date, to:

 Class Action Opt Outs
 Attn: Mehta v. Robinhood Settlement
 P.O. Box 58220
 Philadelphia, PA 19103

15.     All Class Members who do not opt out and exclude themselves from the Settlement shall be bound by the terms of the Settlement upon entry of a final approval order and judgment.

16.     Class Members who wish to object to the Settlement must do so in a written submission to the Court. Any such objection must:

 a.     list the objecting Class Member's name, address, email address, and telephone number;

b.      identify the case name and number (*Siddharth Mehta, Kevin Qian, and Michael Furtado v. Robinhood Financial LLC and Robinhood Securities, LLC,* Case No.: 5:21-cv-01013-SVK (N.D. Cal.));

c.      state with specificity the grounds for the objection;

d.      state whether the objecting Class Member intends to personally appear at the final approval hearing;

e.      include the name and contact information of all attorneys representing or assisting the objecting Class Member;

f.      state whether any attorney will appear on the objecting Class Member's behalf at the final approval hearing, and if so, the identity of that attorney; and

g.      be submitted to the Court either by mailing to the Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, or by filing in person at any location of the United States District Court for the Northern District of California.

17.      Any Class Member who does not timely submit a written objection in accordance with the procedures listed above (and detailed in the Notice) shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Order and Judgment by appeal or other means.

## **FINAL APPROVAL HEARING AND SCHEDULE OF PROCEEDINGS**

18.      The Court will hold its Final Approval Hearing on May 16, 2023 at 10:00 a.m. at the United States District Court, Northern District of California, San Jose Courthouse, Courtroom 6 – 4th Floor, 280 South 1st Street, San Jose, CA 95113. The hearing may be moved to a different date or time without additional direct notice to the Settlement Class, provided that the Notice advises the Settlement Class to check the Settlement Website, www.robinhoodaccounttakeoversettlement.com., to confirm the date of the Final Approval Hearing.

19.      At the Final Approval Hearing, the Court will consider: whether the Settlement is

fair, reasonable, and adequate and should be granted final approval; whether the Class should be finally certified for settlement purposes; whether a final judgment should be entered; and any other matters the Court may deem appropriate.

20.     In connection with seeking final approval, Class Counsel will apply for an award of attorneys' fees, reimbursement of expenses, and service payments to Class Representatives. Class Counsel's request for attorneys' fees and reimbursement of expenses shall not exceed $500,000. All attorneys' fees and expenses will be paid separately by Robinhood, in addition to and without reduction of the claims Robinhood will pay to Settlement Class Members who submit timely and valid Claim Forms. Any service awards the Court approves will also be paid separately by Robinhood.

21.     The Notice informs Settlement Class Members that Plaintiffs' motion for attorneys' fees, expenses, and service payments will be posted on the Settlement Website as soon as it is filed. Class Members will have the opportunity to object to the motion. The Court will then consider the motion.

22.     Any appeal from an order relating solely to Class Counsel's motion for attorneys' fees, expenses, and service payments, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

23.     The Parties and Settlement Class Members shall adhere to the following schedule unless otherwise ordered by the Court:

| Event | Date |
|---|---|
| Entry of Preliminary Approval Order | |
| Robinhood to provide contact information for Class Members to Settlement Administrator | Within 7 days after Entry of Preliminary Approval Order |
| Settlement Administrator sends Notice to the Class (the "Notice Date") | Within 21 days after Entry of Preliminary Approval Order |
| Last day for Class Members to opt out or object to the proposed Settlement | 45 days after Notice Date |

| Event | Date |
|---|---|
| Last day for Settlement Class Members to submit Claim Forms | Within 120 days after Notice Date |
| Date by which Class Counsel is to file Motion for Final Approval of Settlement and Petition for Award of Attorneys' Fees, Expenses and Service Awards | March 17, 2023 (No later than 60 days prior to the Final Approval Hearing) |
| Last day for Settlement Class Members to comment on or object to Petition for Award of Attorneys' Fees, Expenses and Service Awards | 35 days after Petition for Award of Attorneys' Fees, Expenses and Service Awards is filed and posted to Settlement Website |
| Final Approval Hearing | May 16, 2023 at 10:00 a.m. |
| Settlement Administrator to distribute checks to Settlement Class Members | No later than 30 days after the Effective Date |
| The parties to jointly file post-distribution accounting | 21 days after settlement payment checks go stale |

24.     All proceedings and deadlines in this matter, except those necessary to implement this Order and the settlement, are hereby stayed and suspended until further order of the Court.

25.     All Class Members who do not validly opt out and exclude themselves are enjoined as of the Opt-Out Deadline from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

26.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation shall (i) be deemed an admission or concession by any Party regarding the validity of any of the Released Claims or the propriety of certifying any class against any Defendant, or (ii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Released

Claims.

## **RESERVATION OF JURISDICTION**

27.     The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

For the reasons set forth above, the Court **GRANTS** Plaintiffs' motion.

**IT IS SO ORDERED.**

Dated: August 29, 2022

_____

Hon. Susan van Keulen

United States ~~District Judge~~

Magistrate Judge